UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAKHU MAA HERU,

    Plaintiff,

v.

STATE OF OHIO, et al.,

    Defendants.

Case No. 2:18-cv-686
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Plaintiff, a state inmate who is proceeding without the assistance of counsel, brought this action against the State of Ohio, the Ohio Supreme Court, Judge John A. Vavra of Belmont County Common Pleas Court, Warden Gray, of Belmont Correctional Institution, the Ohio Department of Rehabilitation and Correction, the Tuscarawas County Common Pleas Court, and various unnamed state officials. (ECF No. 1-1.) The Magistrate Judge issued a Report and Recommendation in which she granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and recommended dismissal for failure to state a claim on which relief may be granted on two of Plaintiff's claims and dismissal for frivolousness on the other claim. This matter is before the Court for consideration of the Report and Recommendation (ECF No. 5), Plaintiff's Supplemental Pleading (ECF No. 9), and Plaintiff's Objection to the Report and Recommendation (ECF No. 10). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS** the Report and Recommendation, and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and frivolousness.

# I.

On February 6, 2017, Plaintiff initiated an action in the United States District Court for the Northern District of Ohio, *Sakhu Maa Tem Heru Ex. Rel. Sekou Mauta Imani v. State of Ohio et al.*, N.D. Ohio Case No. 5:17-cv-247 ("*Heru 1*"). In that action, Plaintiff claimed to be "an indigenous Native American with Olemn, Ute, Cherokee, and Blackfoot ancestry, and also claimed "free Moorish" ancestry. (*Heru 1*, Compl., ECF No. 1 at 5.) He also "declared his inalienable right as an indigenous person to a status separate and distinct from the 14th Amendment corporate citizen." *Id*. The Honorable Sarah E. Lioi, United States District Judge for the Northern District of Ohio, found Plaintiff's complaint and amended complaint to be "largely incomprehensible" and "composed almost entirely of meaningless rhetoric with random citations to various legal and non-legal sources." *Heru 1*, 5:17CV00247, 2017 WL 2402461, at *1 (N.D. Ohio June 2, 2017), *appeal dismissed sub nom. Sakhu Maa Tem Heru v. State*, 17-3792, 2018 WL 3648279 (6th Cir. Apr. 24, 2018).

Acknowledging the difficulty in interpreting Plaintiff's claims, Judge Lioi identified claims related to Plaintiff's 2008 criminal conviction in the Tuscarawas County Ohio Court of Common Pleas, including claims for genocide, denationalization, unlawful arrest, arbitrary detention, false imprisonment, kidnaping, torture, and cruel and unusual punishment, as well as claims under the Alien Torts Claims Act, and the First Amendment right to freedom of religion. Having examined all claims on an initial screen under 28 U.S.C. § 1915(e), Judge Lioi dismissed Plaintiff's claims related to his 2008 criminal conviction and his freedom of religion claims against all Defendants except BCI Warden and Chaplain. *Heru 1*, 2017 WL 2402461, at *3. In her decision, Judge Lioi found the proper venue for the claims against BCI Warden and Chaplain was in this Court and transferred those claims on July 28, 2017, Case No. 2:17-cv-658. *Id*.

2

The same month *Heru 1* was transferred to this Court, Plaintiff filed a Motion for a Preliminary Injunction, Motion for Bond, and Motion for Reconsideration of Judge Lioi's Opinion and Order. (*Heru 1*, ECF Nos. 7–9.) Magistrate Judge Kimberly A. Jolson issued a Report and Recommendation, finding first that Plaintiff failed to provide a valid basis for reconsidering Judge Lioi's Opinion and Order. (*Heru 1*, ECF No. 13.) Judge Jolson then reviewed Plaintiff's Motions for Preliminary Injunction and Bond and recommended denial of both. (*Heru 1*, ECF No. 13.) Plaintiff filed an Objection to the Report and Recommendation (*Heru 1*, ECF No. 15), and this Court overruled the Objection and Adopted the Report and Recommendation (*Heru 1*, ECF No. 26).

On July 13, 2018, Plaintiff filed the instant action, making similar allegations that he made in *Heru 1*. Because under our Local Rules the instant action is considered a related case to *Heru 1*, Chief Judge Sargus and Magistrate Judge Jolson were also assigned to this case. (Related Case Memo., ECF No. 3.)

On her initial review of the Complaint under 28 U.S.C. § 1915(e)(2), Judge Jolson issued a Report and Recommendation in which she granted Plaintiff's motion for leave to proceed *in forma pauperis* and recommended dismissal of two of Plaintiff's claims for failure to state a claim on which relief may be granted and one claim for frivolousness. Plaintiff has filed an Objection to the Report and Recommendation, which is ripe for review.

## II.

If a party objects within the allotted time to a Report and Recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the

3

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The Court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Further, the Court holds pleadings by a *pro se* litigant "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and may not uphold the dismissal of such a pleading "simply because the court finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A *pro se* litigant's pleadings must be, and in this instance are, construed liberally. *Haines*, 404 U.S. at 520–21.

## III.

Having conducted a *de novo* review, the Court finds Plaintiff's objections to the Report and Recommendation to be unpersuasive. As did the Magistrate Judge, this Court finds Plaintiff's Complaint difficult to decipher. The Court agrees with the Magistrate Judge that the Complaint primarily involves the following three issues: (1) Plaintiff's status and rights under Articles 8–9 of the Treaty of Guadalupe Hidalgo; (2) various issues related to Plaintiff's underlying conviction and habeas proceedings; and (3) alleged injuries committed by state officials against Plaintiff while in custody. The Court has additionally reviewed the Supplement

that Plaintiff filed after the Report and Recommendation issued, in which Plaintiff maintains that he is being detained in a name other than his own, and therefore Defendants are "failing to recognize the legal existence and rights of Sakhu Maa Tem Heru." (Supp. at 3, ECF No. 9).

First, with regard to Plaintiff's claims under the Treaty of Guadalupe Hidalgo, the Magistrate Judge accurately assessed that they are premised on his sovereign citizen beliefs. Further, she applied the facts presented by Plaintiff to the appropriate law and correctly concluded as follows:

> While Plaintiff's precise claims pursuant to the treaty are unclear, Plaintiff's main argument seems to be that Defendants do not have "the legal authority to continue to detain Plaintiff." [(citing Compl.] at 8, 10). But Plaintiff's claims regarding his ancestry do not place him beyond the jurisdiction of this Court or preclude his underlying conviction and detention. *See U.S. v. Amir*, 2010 WL 5014451 (N.D. Ohio Dec. 3, 2010) (rejecting sovereign immunity argument as frivolous and "warrant[ing] no further discussion."). *See also Payne v. Kida*, 2016 WL 491847 at *4 (E.D. Mich. Jan. 6, 2016) (noting that sovereign citizen arguments "have been recognized as frivolous and a waste of court resources.") (citations omitted). Consequently, the Court concludes that Plaintiff's sovereign citizenship claims concerning the Treaty of Guadalupe Hidalgo are frivolous.

(Report and Recommendation at 4, ECF No. 5.) In his Objection, Plaintiff does nothing more that disagree with the Magistrate Judge's assessment and then he reiterates the allegations he made in the Complaint.

Second, as to Plaintiff's conviction and habeas proceedings, he specifically alleged "that Defendants violated Plaintiff's Fifth, Sixth, and Fourteenth Amendment rights by the ongoing denial of Plaintiff's right not to be held to answer in punishment for a crime absent a lawful Indictment found by proper Grand Jury." (Compl. at 9–10, ECF No. 1-1.) In her Report and Recommendation, the Magistrate Judge appropriately framed the issue and reached the proper conclusion:

> To the extent that Plaintiff may be attempting to challenge the lawfulness of his state court conviction, he may not do so in this civil rights case. As the United

5

> States Supreme Court made clear in *Heck v. Humphrey*, 512 U.S. 477, 480 (1994), "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." Indeed, much of the Complaint alleges wrongful detention and accordingly cannot be brought in a civil rights action. (*See, e.g.*, Doc. 1-1 at 4 (alleging "unlawful confinement"); *id.* at 9 (alleging incarceration in violation of the U.S. Constitution); *id.* at 10 (alleging incarceration in violation of "Rights pursuant to Customary International law")). Further, as the Northern District of Ohio noted when dismissing much of Plaintiff's previous complaint, allegations concerning wrongful detention cannot proceed under §§ 1983 or 1985 unless and until Plaintiff's conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or have otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003) (citing *Heck*, 512 U.S. at 480). Thus, challenges to the fact or duration of one's confinement, *i.e.*, challenges falling "within the traditional scope of habeas corpus," are not cognizable under either §§ 1983 or1985. *Lanier*, 332 F.3d at 1005–06 (extending *Heck* to claims under § 1985). *See also Thomas v. Eby,*481 F.23d 434, 438 (6th Cir. 2007). In sum, Plaintiff's claims related to his confinement are *Heck*-barred.

(Report and Recommendation at 4–5, ECF No. 5.)

In his Objection and Supplement, Plaintiff contends that his "arbitrary detention" can be proven from this Court's docket where mail was returned because he filed this lawsuit under a name that is not his legal name. (Supp. at 2, 4, ECF No. 9; Obj. at 3, ECF No. 10.) This argument was addressed by this Court in *Heru 1*. In *Heru 1*, Plaintiff alleged that the state court in which he was convicted lacked jurisdiction over him in the underlying criminal case because there was no case pending against him using his proper name, Saku Maa Tem Heru. As this Court explained, the "argument appears at least in part to relate to his name change from Sekou Muata Imani (the name under which he was prosecuted) to Saku Maa Tem Heru, his indigenous Native American name." (*Heru 1*, Report and Recommendation at 4, ECF No. 13; adopted at ECF No. 26.) However, the Magistrate Judge explained that, "[d]espite Plaintiff's arguments to the contrary, Judge Lioi examined his claims and found them to constitute an improper attack on his conviction and subject to dismissal under 28 U.S.C. § 1915(e)." *Id.* In Plaintiff's Objection

6

under consideration here, he only repeats his arguments that this Court, and the Northern District of Ohio, have already properly addressed.

Finally, in her Report and Recommendation, the Magistrate Judge addressed Plaintiff's alleged constitutional injuries. She stated:

> First, Plaintiff alleges he suffered retaliation in the form of segregated confinement and conduct violation reports after attempting to change his name. (Doc 1-1 at 15, 17–19). He also alleges that his due process rights were violated "by not being able to defend himself on his own behalf" as to a number of conduct violations he received from prison officials. (*Id.* at 17).
>
> Turning first to Plaintiff's retaliation claim, "[r]etaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution." *Flakes v. Brown*, No. 1:16-cv-418, 2016 WL 3536671, at *11 (W.D. Mich. June 29, 2016) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:
>
>> (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.
>
> *Id.* at *11 (citing *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001)). Even assuming Plaintiff has pled the first two required elements, he has not adequately pled the third element, as he has failed to allege that his imposed punishments were motivated, at least in part, by his attempts to change his name. For example, Plaintiff alleges he was punished "in retaliation for exercising my constitutional and treaty right of election" but provides no support for his conclusory argument that his punishment was related to his efforts to change his name. (Doc. 1-1 at 19). *See Twombly*, 550 U.S. at 555.
>
> As to Plaintiff's due process claims, it appears that Plaintiff takes issue with his inability to appeal or otherwise "defend himself" as to the numerous conduct violation reports he received. (*Id.* at 17). "As this Court has recognized, however, 'a prison inmate does not have an inherent constitutional right to an effective prison grievance procedure.'" *Pollock v. Lavender*, No. 2:11-cv-00114, 2011 WL 2148584, at *6 (S.D. Ohio May 31, 2011), *report and recommendation adopted*, No. 2:11-cv-00114, 2011 WL 2637329 (S.D. Ohio July 6, 2011) (quoting *Israfil v. Parks*, No. 2:10-cv-132, 2010 WL 4642978, at *1 (S.D. Ohio Aug. 18, 2010)).

7

"Furthermore, Ohio Court[s] have held that the Ohio Administrative Code sections outlining prison grievance procedures do not confer a legal right on inmates." *Id.* (citing *State ex rel. Wickensimer v. Bartleson*, No. L–09–1049, 2009 WL 5174167, at *3 (Ohio Ct. App. Dec. 28, 2009)). Accordingly, since a violation of a constitutional right is required to obtain relief under § 1983, and there is no constitutional right to an effective grievance procedure, Plaintiff has failed to state a claim to relief. *See Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).

(Report and Recommendation at 5–7, ECF No. 5.)

In his Objection, Plaintiff offers no argument to call into question the Magistrate Judge's recommendation related to dismissal of his claim alleging constitutional injuries. The Court finds the Magistrate Judge's assessment of these claims well-reasoned and her conclusion correct.

## IV.

Based on the foregoing, the Court **OVERRULES** Plaintiff's Objection (ECF No. 10), **ADOPTS** the Report and Recommendation (ECF No. 5), and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and frivolousness. The Clerk is **DIRECTED** to **ENTER JUDGMENT** accordingly.

**IT IS SO ORDERED.**

4-15-2019
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

8